IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DR. DEREK MELBY and DR. DANILO POLICARPIO, individually and on behalf of all others similarly situated,** | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:17-CV-155-L** |
| **AMERICA'S MHT, INC.; SCOTT POSTLE; ASCENTIUM CAPITAL, LLC and CLIFF MCKENZIE,** | § § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Plaintiffs' Opposed Motion for Temporary Restraining Order and for Preliminary Injunction ("Motion") (Doc. 20), filed February 16, 2017; Plaintiffs' Opposed Motion for Expedited Discovery (Doc. 22), filed February 16, 2017; and Ascentium Capital, LLC and Cliff McKenzie's Motion to Dismiss Class Action Complaint (Doc. 30), filed February 27, 2017. After considering the motions, briefs, pleadings, the evidence submitted regarding Plaintiffs' request for injunctive relief, and applicable law, the court **denies** Plaintiffs' Opposed Motion for Temporary Restraining Order and **denies without prejudice** Plaintiffs' Motion for Preliminary Injunction (Doc. 20); **denies** Plaintiffs' Opposed Motion for Expedited Discovery (Doc. 22); and **denies** Ascentium Capital, LLC and Cliff McKenzie's Motion to Dismiss Class Action Complaint (Doc. 30) as herein

set forth.[*] The court will allow Plaintiffs to file an amended complaint, as it is unclear at this juncture whether amendment to cure the deficiencies in Plaintiffs' pleadings is futile.

## I.      Factual and Procedural Background

Plaintiffs Dr. Derek Melby and Dr. Danilo Policarpio ("Dr. Policarpio"), individually and on behalf of others similarly situated physicians (collectively, "Plaintiffs"), brought this class action against Defendants America's MHT, Inc. ("MHT"); Scott Postle ("Postle"); Acentium Capital, LLC ("Ascentium"); and Cliff McKenzie ("McKenzie) (collectively, "Defendants"), asserting a claim for alleged violations of the Texas Deceptive Trade Practices Act ("DTPA"). Plaintiffs do not seek damages; rather, they seek injunctive relief and a declaratory judgment regarding their DTPA claim and allegations regarding equitable estoppel; unenforceability of contracts, unconscionability, and novation.

According to Plaintiffs' Complaint, "MHT represents to physicians that it sells a Medical Home Team Services Program ('MHT Program'), through which physicians can supervise, in the physician's region, a practice that is handled solely by MHT, from marketing to patient care to billing to administrative management." Plaintiffs allege that, in its recruitment of physicians to join the MHT Program, "MHT offers to *simplify* the process for the physicians by coercing them to permit MHT to create legal entities [in the form of limited liability companies] in the names of the physicians and to open bank accounts in the names of those entities" and represents that this is part of the management services provided by MHT under the program.

---

[*] The motion to dismiss is **denied** with respect to Ascentium's and McKenzie's argument that the court should abstain from exercising jurisdiction over this declaratory judgment action; **denied without prejudice** with respect to Ascentium's and McKenzie's contention regarding the sufficiency of Plaintiffs' pleadings under Rules 12(b)(6) and 9(b); and **denied without prejudice** to the extent Ascentium and McKenzie contend that Plaintiffs cannot satisfy the requirements for class certification.

Plaintiffs allege that, once a limited liability company ("LLC") or LLCs are created, MHT pressures the physicians to sign, on behalf of each LLC, an Installment Payment Agreement ("IPA") with Ascentium without informing the physicians of the essential elements of the IPAs. Plaintiffs contend that, without their knowledge, Ascentium transfers funds directly to MHT, and the typical amount transferred for each LLC is $300,000, which represents "four [software] licenses" per LLC. Pls.' Compl. ¶ 32 (internal quotation marks omitted). Plaintiffs allege that Ascentium charges the LLCs an exorbitant rate of interest of 24% for amounts financed, although no interest rate is disclosed in the IPAs, and MHT represented to Plaintiffs that the IPAs are not loans and are not subject to any rate of interest. Plaintiffs allege that MHT's revenue stream is not based on income derived form patient care; rather, it is based solely on the sale of software licenses to the physicians, which is "a guise for a sale of a worthless franchise." *Id.* ¶ 19-20. Plaintiffs further allege that MHT has always operated at a loss and survives only on the sale of expensive software licenses to physicians, who are encouraged through referral bonuses to recruit additional physicians to purchase software.

Plaintiffs allege that, in early 2016, after Ascentium and McKenzie determined that the LLCs had insufficient revenue to repay the loans, Ascentium entered a Vendor Agreement with MHT, whereby MHT agreed to be principally liable for the loans if the LLCs failed to make required payments. Plaintiffs allege that this "secret deal" was never disclosed to them. *Id.* ¶ 42. Plaintiffs contend that the Vendor Agreement is "legally a novation" of the LLCs' and Plaintiffs' obligations under the IPAs. *Id.* ¶ 41.

According to Plaintiffs, after MHT fell behind on its payments to Ascentium in August 2016, Ascentium sent letters to and telephoned Plaintiffs demanding payment, based on its contention that Plaintiffs are obligated as guarantors of any loan funded by Ascentium and made to the LLCs in

which the physicians are members. Plaintiffs allege that Postle, on behalf of MHT, instructed Plaintiffs to ignore the demands and advised that MHT would handle all issues associated with Ascentium, including the making of payments. Plaintiffs allege that Ascentium, on the other hand, advised Plaintiffs to pay the amounts owed under the IPAs and to disregard MHT's instructions. Plaintiffs allege that, in response, they requested MHT to release them from any alleged obligations with MHT and the financial institutions, and MHT agreed to release certain physicians on a "first-come-first-serve-basis" on the condition that the physicians find other physicians to purchase their software licenses. *Id.* ¶ 53. Plaintiffs allege that, as a result of the fraud perpetrated by Defendants, they are indebted to Ascentium for "hundreds of thousands of dollars" or "cumulatively tens of millions of dollars," although they have received little or nothing of value in return. *Id.* ¶ 55.

In their Complaint, Plaintiffs seek a declaration that: (1) "the LLCs or PLLCs created and operated by MHT with the purported authorization of the Plaintiffs and those similarly situated create no rights, obligations, or other legal relationship with those particular physicians, but are solely the responsibility of and/or create obligations solely on behalf of MHT"; and (2) MHT's and Ascentium's contracts with Plaintiffs and those similarly situated are null and void. Plaintiffs also seek injunctive relief to enjoin MHT and Ascentium from enforcing their purported agreements with Plaintiffs and those similarly situated with them and requiring Defendants to cease all collection efforts with respect to Plaintiffs for loans related to licenses issued to the LLCs. Plaintiffs allege that, although Defendants actions caused them to suffer actual damages, they are not seeking an award of damages at this time in this proceeding; rather they seek only the injunctive and declaratory set forth in their Complaint. Plaintiffs, however, reserve their right to seek money damages against Defendants in a separate proceeding, including damages under the Texas Deceptive Trade Practices Act.

In their Motion for injunctive relief, Plaintiffs seek a temporary restraining order "TRO" and preliminary injunction to enjoin MHT and Ascentium from: (1) enforcing any contracts with Plaintiffs and attempting to collect amounts owed from Plaintiffs under the contracts; and (2) continuing to sell to physicians and finance any MHT Program licenses and software. In addition, Plaintiffs request that MHT be enjoined from "dissipating any assets." Pls.' Mot. 21. Plaintiffs also request that they be allowed to conduct discovery on an expedited basis in support of their motion for injunctive relief. On February 27, 2017, Ascentium and McKenzie moved to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(6) and 9(b).

## II.    Ascentium's and McKenzie's Motion to Dismiss

### A.    Legal Standard for Rules 12(b)(6) and 9(b)

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Whereas Rule 8(a)(2) typically requires only that a plaintiff's complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Rule 9(b) imposes a heightened level of pleading for fraud-based claims: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). Although the particularity demanded by Rule 9(b) differs with the facts of each case, *see Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992), a plaintiff pleading fraud must set forth "the who, what, when, and where . . . *before access to the discovery process is granted.*" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Anything less than this is insufficient to provide a defendant with adequate notice of the nature and grounds of the claim. *See Tuchman*, 14 F.3d at 1067.

### B. Analysis

As a preliminary matter, Ascentium and McKenzie contend that Plaintiffs cannot satisfy the requirements under Federal Rule of Civil Procedure 23(a) of commonality, typicality, and adequacy of representation necessary for the class-wide declaratory relief requested, and any such relief is inappropriate because each putative class member separately chose to do business with MHT, had a unique level of contact with Ascentium, and had a unique understanding of his or her obligations under the contracts with MHT and Ascentium. Ascentium and McKenzie further assert that it would be improper for the court to declare unenforceable all of Ascentium's contracts with all physicians in the putative nationwide class or enjoin Ascentium's enforcement of all such contracts because a number of putative class members remain current on their payment obligations under the IPAs and have not disputed their contractual obligations. In addition, because six other lawsuits have been brought by 35 physicians against MHT in state court, Ascentium and McKenzie contend that the

court should abstain from exercising jurisdiction over this declaratory judgment action based on the factors in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).

In support of their motion to dismiss under Rules 12(b)(6) and 9(b), Ascentium and McKenzie rely on the Vendor Agreement and the IPA signed by Dr. Policarpio, which are referenced in the Complaint and form the basis of Plaintiffs' claims. Ascentium and McKenzie contend that Plaintiffs are attempting to avoid their payment obligations under valid, enforceable contracts with Ascentium because the business ventures they entered with MHT, an unrelated entity, did not perform as they had hoped. Ascentium and McKenzie assert that any buyers' remorse on Plaintiffs' part regarding their business venture with MHT is not a valid basis for withholding payment under their agreements with Ascentium, which merely financed Plaintiffs' purchase from MHT. In sum, Ascentium and McKenzie contend that Plaintiffs' Complaint fails to state a valid claim for declaratory relief under Rule 12(b)(6) against them based on alleged DTPA violations, equitable estoppel, unconscionability, novation, and contract unenforceablility. In addition, Ascentium and McKenzie contend that all of the theories or relief relied on by Plaintiffs are fraud-based, but the allegations in their Complaint with respect to them fail to satisfy Rule 9(b)'s heightened pleading standard.

In response, Plaintiffs do not address Ascentium's and McKenzie's contentions as to whether Plaintiffs can satisfy Rule 23(a)'s requirements for class certification but contend that the factors in *Trejo* do not support dismissal of this action. Plaintiffs further assert that their claims or the bases for declaratory relief are sufficiently pleaded. Plaintiffs contend that, if the court determines their allegations are insufficient, the appropriate remedy is to allow them to file an amended complaint.

It would be inappropriate for the court to abstain from exercising exercise jurisdiction over this declaratory judgment action based on *Trejo* because, as Ascentium and McKenzie acknowledge, the named Plaintiffs in this action are not parties to the other cases filed by physicians against MHT in other jurisdictions. *See Trejo*, 39 F.3d at 590-91 (setting forth the relevant factors for a district court to consider in determining whether to dismiss a declaratory judgment action). Accordingly, the reasoning in *Trejo* does not apply to this case, and the motion to dismiss on this basis is **denied.** Further, the court determines that resolution of the issue of whether Plaintiffs can meet Rule 23(a) requirements for class certification is premature, as it is not sufficiently briefed by the parties. Ascentium's and McKenzie's motion with respect to this issue is, therefore, **denied without prejudice**.

The court, nevertheless, agrees with Ascentium and McKenzie that Plaintiffs' allegations are woefully deficient for purposes of Rule 12(b)(6) and Rule 9(b) such that Plaintiffs have failed to state claims for relief upon which relief can be granted against Ascentium and McKenzie. Even though Plaintiffs have not asserted a fraud claim, the allegations in their Complaint, on which they base each of their claims for relief, clearly sound in fraud. Rule 9(b), therefore, applies. *See Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not."). Because this case was only recently filed, and Plaintiffs have not previously amended their pleadings, the court **denies without prejudice** Ascentium Capital, LLC and Cliff McKenzie's Motion to Dismiss Class

Action Complaint (Doc. 30) under Rules 12(b)(6) and 9(b) and will allow Plaintiffs to file an amended complaint. The court has concern whether certain claims are legally viable as pleaded; however, it is unclear at this juncture whether amendment to cure the deficiencies in Plaintiffs' pleadings is futile, so the court will allow Plaintiffs to amend their pleadings to address the matters in Ascentium's and McKenzie's motion to dismiss. Because the court intends to consolidate this action with the related actions filed by Plaintiffs in the Northern District of Texas, the court will set by separate order a deadline for Plaintiffs to file an amended complaint against all Defendants in the consolidated action.

## II.   Plaintiffs' Motion for TRO and Preliminary Injunction

Plaintiffs contend that injunctive relief is appropriate to:

(1) to ensure that defendant America's MHT, Inc.—who is likely insolvent—does not dissipate certain assets that could be used to prevent the Plaintiffs from sustaining irreparable harm; (2) to ensure Defendants are precluded from increasing the size of the all[e]ged class pending trial; and (3) to ensure alleged class members are not forced to seek refuge from Ascentium Capital, LLC's collection efforts through bankruptcy protection.

Pls.' Mot. 6. As previously noted, Plaintiffs seek an order enjoining MHT and Ascentium from "a) seeking to enforce any contracts purportedly with the Plaintiff physicians and (b) further selling or financing any MHT Program licenses and software." *Id.* at 21. Plaintiffs further request that the court enjoin MHT from "dissipating any assets." *Id.*

### A.   Standard for TRO and Preliminary Injunction

There are four prerequisites for the extraordinary relief of preliminary injunction or TRO. A court may grant such relief only when the movant establishes that:

(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the

granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a TRO or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction.

In considering these four requirements and deciding whether to grant injunctive relief, courts must keep in mind that the granting of a TRO or preliminary injunction "is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion," and a TRO or preliminary injunction is necessary "to preserve the court's ability to render a meaningful decision on the merits." *Callaway*, 489 F.2d at 573. Thus, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction [or TRO]." *Id.*

### B. Analysis

For the reasons already explained with respect to Ascentium's and McKenzie's motion to dismiss, the allegations in Plaintiffs' Complaint fail to satisfy Rule 9(b) and state claims upon which relief can be granted against Ascentium and McKenzie. Plaintiffs' pleadings as to MHT and Postle are similarly deficient. The court, therefore, concludes that Plaintiffs have not satisfied the first requirement for injunctive relief—a substantial likelihood that they will prevail on the merits. Moreover, the court agrees with Defendants that consideration of the remaining requirements does not support the class-wide injunctive relief requested by Plaintiffs; however, the court need not

address in detail the parties' contentions regarding the remaining factors, as the court has determined that Plaintiffs cannot satisfy all of the requirements necessary for a TRO or preliminary injunction. Accordingly, the court **denies** Plaintiffs' Opposed Motion for Temporary Restraining Order and **denies without prejudice** Plaintiffs' Motion for Preliminary Injunction (Doc. 20).

## III.    Plaintiffs' Motion for Expedited Discovery

Plaintiffs request that the court allow them to conduct discovery on an expedited basis in support of their motion for injunctive relief. The facts of this case do not warrant expedited discovery to the extent Plaintiffs contend that they unknowingly or mistakenly executed the agreements that are the subject of this litigation, as such information is within Plaintiffs' knowledge. Any representations by Defendants to Plaintiffs should also be within Plaintiffs' knowledge. Moreover, because Plaintiffs' request for declaratory relief is based almost entirely on their allegations of fraud, they must first satisfy Rule 9(b) before they will be allowed to conduct discovery. *See Williams*, 112 F.3d at 178 (explaining that a plaintiff pleading fraud must set forth "the who, what, when, and where . . . *before access* to the discovery process is granted."). Accordingly, the court **denies** Plaintiffs' Opposed Motion for Expedited Discovery (Doc. 22).

## IV.    Conclusion

For the reasons stated, the court **denies** Plaintiffs' Opposed Motion for Temporary Restraining Order and **denies without prejudice** Plaintiffs' Motion for Preliminary Injunction (Doc. 20); **denies** Plaintiffs' Opposed Motion for Expedited Discovery (Doc. 22); and **denies** Ascentium Capital, LLC and Cliff McKenzie's Motion to Dismiss Class Action Complaint (Doc. 30) as herein set forth. The court will allow Plaintiffs to amend their pleadings and will enter a separate order setting a deadline for Plaintiffs to file an amended complaint.

**It is so ordered** this 14th day of February, 2017.

Sam A. Lindsay
United States District Judge