IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DR. DEREK MELBY, and DANILO POLICARPIO as individuals and on behalf of all others similarly situated<br><br>　　　　Plaintiffs,<br><br>v.<br><br>AMERICA'S MHT, INC., SCOTT POSTLE, ASCENTIUM CAPITAL, LLC, and CLIFF MCKENZIE<br><br>　　　　Defendants. | Civil Action No. 3:17-CV-155-M<br><br>*consolidated with*<br><br>Civil Action Nos. 3:17-CV-732-M; 3:17-CV-868-M; and 3:17-CV-963-M |

# UNSWORN DECLARATION

In accordance with 28. U.S.C. §1746, I hereby declare under penalty of perjury that the following declaration is true and correct to the best of my personal knowledge, information and belief:

1. My name is Jonathan Lemann; I am an attorney and partner with Couhig Partners, LLC, one of the firms acting as class counsel in the above litigation.

2. The Order Preliminarily Approving Class Settlement set out the requirements for class members to file objections to the proposed settlement.

3. Thirteen potential objections were ultimately filed into the record; those potential objections were provided by or on behalf of fifteen alleged guarantors.

4. Class Counsel attempted to contact all of the fifteen alleged guarantors with the following results.

5. For all fifteen of these alleged guarantors, Class Counsel transmitted via Fed Ex materials, including Plaintiffs' Motion for Final Approval of Settlement, a letter from CPA Al Courcelle, dated January 26, 2018, which outlined the tax implications of the proposed

1

partial settlement, a letter from Ascentium's counsel stating that Ascentium would not issue IRS Form 1099s, and a letter from Univest's counsel stating that Univest would not issue IRS Form 1099s. Also enclosed with the materials to each of these alleged guarantors was a cover letter from Class Counsel providing contact information and asking each individual to reach out to Class Counsel to discuss the objection and the upcoming hearing.

6. Document 73 in the record was submitted by or on behalf of Donnielle Green. I discussed Dr. Green's objection with her on March 8, 2018 by telephone.

7. Dr. Green indicated that she was disappointed in the amount of the settlement to be applied to her and indicated that she did not understand why there not an acknowledgement of fraud prior to 2016, if there was one subsequent to 2016.

8. Document 74 in the record was submitted by or on behalf of Alton Moore. Don Massey of Couhig Partners spoke with Dr. Moore by telephone on March 8, 2018.

9. Dr. Moore indicated that he understood the tax and fee payment issues and was grateful that those seem to have worked out. He indicated that he had no objection to the overall fairness, reasonableness, or adequacy of the settlement, and he has no evidence to show it was unfair, unreasonable, inadequate, produced by collusion. He indicated that he believes that Class Counsel did a very good job of getting to the settlement. His objection centers on the fact he is recently divorced, paying alimony and child support, has student loans, and he made no money on the MHT deal. He would like a lower payment amount, but he understands that Ascentium is not willing to take a lower amount. Dr. Moore is not attending the hearing.

10. Documents 75 and 85 in the record were provided by James Aurand. In addition, Don Massey of Couhig Partners called Dr. Aurand by telephone on March 7, 2018 to discuss

the objection and left a voicemail for Dr. Aurand. Rob Couhig of Couhig Partners spoke with Dr. Aurand on March 8.

11. Dr. Aurand indicated that his intention was to opt out of the settlement, not to simply object.

12. Document 76 in the record was provided by Darin Mann. I discussed Dr. Mann's objection with him on March 8, 2018 by telephone.

13. Dr. Mann stated that he objected to the amount of the settlement but does not object to the settlement as a whole. Dr. Mann indicated that he may attend the hearing.

14. Document 77 in the record was provided by Samson Sheih, Chris Chapman, and Jack Pieniazek. I spoke with Dr. Sheih by telephone on March 8, 2018 to discuss the objection.

15. Dr. Sheih indicated he spoke for his partners, Dr. Chapman and Dr. Pieniazek. Dr. Sheih indicated they object to the extent that they only gave authority for the opening of one practice and do not feel they should be subjected to settlement payments based on claims premised upon multiple practices. They favor a settlement but feel the settlement should provide for lesser settlement amounts.

16. Document 78 in the record was provided by Tri Nguyen, Joseph Murphy, and Quynh Ton-That. Jeff Pastorek of Couhig Partners called the office of Tri Nguyen, Joseph Murphy, and Quynh Ton-That on March 7, 2018 and spoke with personnel at that office, who suggested that Mr. Pastorek reach out to the doctors by fax. Therefore, Mr. Pastorek faxed a cover letter as well as the letter that had been Fed Exed, with a request that each doctor contact him by phone to discuss the objection and the upcoming hearing.

17. Document 79 in the record was provided by Babajide Obisesan. Rob Couhig of Couhig Partners discussed Dr. Obisesan's objection with him on March 7, 2018 by telephone. Jeff

Pastorek of Couhig Partners also discussed Dr. Obisesan's objection with him on March 5, 2018 by telephone.

18. Dr. Obisesan explained to Mr. Couhig that he objects to the amount that he would be obligated to pay under the settlement and that he intends to attend the hearing but does not expect to address his concerns to the Court at that time.

19. Documents 83 and 86 in the record were provided by Renda Joy Holladay. Rob Couhig and Don Massey of Couhig Partners discussed Ms. Holladay's objection with her on March 8, 2018 by telephone.

20. Ms. Holladay explained to Mr. Couhig that she signed the IPA at the insistence of the physician for whom she was employed. She indicated that she objected to the amount and does not have the ability to pay the settlement. Ms. Holladay also objected to the fact that some Subclass 3 members with one IPA will be paying the same settlement amount as other members of Subclass 3 with four IPAs. She also indicated that her intention was to opt out instead of objecting. Ms. Holladay was invited to attend the hearing and indicated that she may attend.

21. Document 88 in the record was provided by Kerisea Mcpherson, and Document 89 in the record was provided by Rafael Lagleva. Don Massey of Couhig Partners discussed Dr. Mcpherson's and Dr. Ladleva's objection with their counsel of record, Jack Read, on March 7, 2018 by telephone.

22. Mr. Massey and Mr. Read discussed the tax implications related to the settlement, and Mr. Massey pointed out that Mr. Read would receive several documents related to the tax issue in the mail the following day. Mr. Read noted that his clients objected to the amount of the

settlement but acknowledged Class Counsel's position and the substantial work done by Class Counsel on the case. Mr. Read indicated that he does not intend to attend the hearing.

23. Document 93 in the record was provided by Giovanni Baula. Rob Couhig of Couhig Partners called Dr. Baula by telephone on March 8, 2018 to discuss the objection and discussed the objection and settlement with Dr. Baula's administrative assistant, Lorri Laczynski.

24. Ms. Laczynski explained that she believes that her and Dr. Baula's intention was to opt him out of the settlement instead of simply objecting to the settlement, and that they may have misinterpreted the meaning of "opting out" vs. "objecting." Ms. Laczynski indicated that she also believes that the IPA was forged and that Dr. Baula did not sign it. Jonathan Lemann then attempted to obtain Dr. Baula's documentation from Ascentium's counsel in order to provide it to Dr. Baula and his staff for further review. After reviewing the document, Dr. Baula confirmed that the signature is not his and therefore appears to be a forgery. Dr. Baula again confirmed his desire to opt out of the settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed in, Louisiana, United States of America, on March 11, 2018.

Jonathan P. Lemann