IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. DEREK MELBY, DR. DANILO POLICARPIO, DR. DAVID GUILLOT, DR. JAIDEEP PATEL, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 3:17-CV-155-M (Consolidated with Nos. 3:17-CV-732-M; 3:17-CV-868-M; and 3:17-CV-963-M) |
| AMERICA'S MHT, INC., ASCENTIUM CAPITAL, LLC, CLIFF MCKENZIE, SCOTT POSTLE, BALBOA CAPITAL CORPORATION, and UNIVEST CAPITAL, INC., | § § § § § § § | |
| Defendants. | § | |

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT
AND DISMISSING CERTAIN CLAIMS WITH PREJUDICE**

This matter came before the Court on the 12th day of March, 2018, on the Motion of the named plaintiffs in the putative class actions consolidated in this Court under Civil Action No. 3:17-cv-155-M ("Plaintiffs") for final approval of their proposed class-action Settlement with the following "Settling Defendants": Ascentium Capital LLC ("Ascentium"), Univest Capital, Inc., ("Univest"), and Cliff McKenzie ("McKenzie"). Having reviewed and considered all timely submissions made in connection with the proposed Settlement, and having reviewed and considered the files and records herein, the Court finds and concludes as follows:

1. The Court has jurisdiction over the subject matter of this Action, the Plaintiffs, the members of the Settlement Class, and the Settling Defendants.

2. All capitalized terms used herein shall have the same meaning as set forth in the Stipulation, which is incorporated herein by reference.

3. The Complaint filed in this Action alleges, among other things, that the Settling Defendants violated the law and committed actionable torts in connection with a home healthcare business program developed by America's MHT, Inc. ("MHT"). (ECF No. 57). The Complaint further alleges that the Settling Defendants caused or contributed to causing Plaintiffs to become obligated to Ascentium, Univest, Balboa Capital Corporation ("Balboa"), MHT, and/or one or more "Doctor LLCs" under various contracts (including, without limitation, license agreements, management services agreements, loans, installment payment agreements, and other contractual arrangements). The Complaint also alleges that such contracts are subject to rescission, and Plaintiffs seek or have sought several different forms of relief, including monetary damages, declarations of equitable estoppel prohibiting enforcement of such contracts, declarations of unconscionability and unenforceability prohibiting enforcement of such contracts, and injunctive relief barring Ascentium and Univest from seeking enforcement of such contracts. (*See* ECF Nos. 1, 57, 69).

4. The Settling Defendants deny that they have acted improperly or fraudulently.

5. On or about September 26, 2017, Plaintiffs and the Settling Defendants entered into a Stipulation of Settlement, which Plaintiffs promptly filed as an exhibit to Plaintiffs' Motion for Preliminary Approval of Partial Class Action Settlement. (ECF No. 59). The Stipulation sets forth terms for the settlement of this Action between the Settling Defendants and a proposed Settlement Class, subject to Court approval.

6. On November 22, 2017, the Court entered its Order Preliminarily Approving Class Settlement (the "Preliminary Approval Order"). (ECF No. 64).

7. For purposes of determining whether the terms of the proposed Settlement should be finally approved as fair, reasonable, and adequate, the Court conditionally certified a Settlement

Class for settlement purposes only. The certified Settlement Class consists of the "MHT Program Class" and four subclasses designated as "Subclass One," "Subclass Two," "Subclass Three," and "Subclass Four," defined as follows:

> A. The "MHT Program Class" is defined as every person who is currently listed in Ascentium's, Univest's, Balboa's and/or MHT's books and records (including without limitation MHT's bankruptcy schedules) as a Guarantor and/or as an owner of a Doctor LLC.
>
> B. "Subclass One" is defined as every member of the MHT Program Class who (a) is not a Guarantor of a Univest IPA but (b) is a Guarantor of an Ascentium IPA with (i) a "book date" of January 1, 2016, or later stated in Ascentium's books and records and (ii) a balance outstanding on August 31, 2017.
>
> C. "Subclass Two" is defined as every member of the MHT Program Class who (a) is a Guarantor of a Univest IPA and (b) is also a Guarantor of an Ascentium IPA with (i) a "book date" of January 1, 2016, or later stated in Ascentium's books and records and (ii) a balance outstanding on August 31, 2017.
>
> D. "Subclass Three" is defined as every member of the MHT Program Class who is a Guarantor of an Ascentium IPA with (i) a "book date" of December 31, 2015, or earlier stated in Ascentium's books and records and (ii) a balance outstanding on August 31, 2017.
>
> E. "Subclass Four" is defined as every member of the MHT Program Class who is a Balboa Guarantor but not a Univest Guarantor or an Ascentium Guarantor.
>
> F. Provided, however, that the Settlement Class excludes (a) all persons who timely opt out of the Settlement Class in accordance with the Court's orders; and (b) all persons who (i) received more than $25,000.00 from MHT (or entities affiliated with MHT) through referral fees and/or compensation not based on the profitability of their Doctor LLC, or (ii) met with Ascentium personnel in April 2015, December 2016, or February 2017 to discuss funding for the MHT Program.

(*See* ECF No. 59-1 at 7-8; ECF No. 64 at 2).

8. In addition, the Court conditionally appointed Plaintiffs as representatives of the Settlement Class and the following attorneys as Class Counsel:

| | |
|---|---|
| E. Leon Carter | Robert E. Couhig, Jr. |
| Joshua J. Bennett | Donald C. Massey |
| Carter Scholer PLLC | Couhig Partners, LLC |
| 8150 N. Central Expy, Suite 500 | 1100 Poydras St., Suite 3250 |
| Dallas, Texas 75206 | New Orleans, LA 70163 |
| Telephone: (214) 550-8188 | Telephone (504) 588-1288 |

Paul Crouch
The Crouch Firm, PLLC
5609 Masters Ct.
Flower Mound, TX 75022
Telephone: (817) 714-9820

(ECF No. 64 at 2-3). The Court also (a) approved the form of the Settling Parties' proposed plan for distributing the Class Notice, (b) directed that the Class Notice be distributed in accordance with the terms of the Stipulation and the Court's orders, and (c) scheduled a hearing to consider the fairness of the Settlement. (*Id.* at 4-6).

9.  On March 5, 2018, Class Counsel applied to the Court for final approval of the terms of the proposed Settlement and for the entry of this Final Judgment. (ECF No. 90). On March 7, 2018, Ascentium and McKenzie filed a response supporting the entry of this Final Judgment. (ECF No. 95). In support of this Final Judgment, the Settling Parties have submitted to the Court, among other things, evidence concerning the dissemination and adequacy of Class Notice, evidence regarding compliance with the noticing requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, evidence regarding the names of Potential Class Members who have submitted requests for exclusion from the Settlement Class, evidence regarding the names of Potential Class Members who have withdrawn such requests for exclusion, evidence regarding the negotiation of the proposed Settlement, and evidence regarding the fairness, reasonableness, and adequacy of the substantive terms of the proposed Settlement.

10. Pursuant to the Class Notice and the orders described above, a hearing was held before this Court, on March 12, 2018, to consider the motion for final approval; to determine

whether the proposed Settlement should be approved as fair, reasonable, and adequate; and to assess whether the Court should enter this Final Judgment approving the Settlement and dismissing the settled claims in this Action on the merits, with prejudice, and without leave to amend.

11. During the hearing, the Settling Parties provided evidence that the Class Notice was disseminated in accordance with the Court's orders. In addition, the Settling Parties provided evidence regarding the adequacy of the notice given; the negotiation of the proposed Class Settlement; the substantive fairness, reasonableness, and adequacy of its terms; and the identities of Potential Class Members who submitted (but did not withdraw) timely requests for exclusion from the Settlement Class. The Settling Parties also provided evidence regarding the identities of the members of each of the four subclasses, described in paragraphs 7.B through 7.E of this Final Judgment, the identities of persons to be excluded from the Settlement Class pursuant to paragraph 7.F(a), and the identities of three persons who, to the extent they would have been excluded from the Settlement Class pursuant to paragraph 7.F(b), have been included in the Settlement Class by agreement.

12. The Court previously found and now reaffirms that dissemination of the Class Notice in accordance with the terms of the Preliminary Approval Order constitutes the best notice practicable under the circumstances. The evidence confirming dissemination and content of the Class Notice demonstrates that the parties complied with this Court's orders regarding class notice, that the notice given informed members of the Settlement Class of the pendency and terms of the proposed Settlement, of their opportunity to request exclusion from the Settlement Class, and of their right to object to the terms of the proposed Settlement, that the notice given was the best notice practicable under the circumstances, and that it constituted valid, due, and sufficient notice to members of the Settlement Class. The Court further finds and concludes that the notice program

described in the Preliminary Approval Order and completed by the parties complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

13. On or about December 7, 2017, over 90 days before the date of this Final Judgment, the Settling Defendants served the notice required by 28 U.S.C. § 1715(b) and (d) on the appropriate State official of each State in which a Class Member resides, and the appropriate Federal official.

14. The Court finds that the proposed Settlement is the result of good-faith, arms-length negotiations by the parties thereto. In addition, the Court finds that approval of the Stipulation and the Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice.

15. The Court finds, for settlement purposes only, that the Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), because, among other factors: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact that are common to the Settlement Class; (3) in light of the proposed Settlement, those common questions predominate over any questions affecting only individual members of the Settlement Class, and the Plaintiffs' claims are typical of those of the other Settlement Class Members; (4) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; (5) the proposed Class Settlement is superior to other potential methods for the fair and efficient resolution of this controversy; and (6) the claims and defenses of the Settling Parties make the Stipulation's proposed injunction regarding credit reporting by Ascentium and Univest (*see* Stipulation, ¶ 22.B) and its proposed reformation of certain Ascentium IPAs and Univest IPAs (*see id.*, ¶¶ 22.B, 23.B, 23.C, and 23.D) appropriate and principal forms of relief. Further, the Court finds that the proposed Settlement is fair, reasonable, and adequate as to

the Settlement Class Members as a result of discovery and due diligence undertaken by Plaintiffs, as reflected in counsel's presentations at the Fairness Hearing.

16. The Court finds that the Potential Class Members listed in Exhibit 1, attached to this Final Judgment, submitted timely Requests for Exclusion and are excluded from the Settlement Class pursuant to paragraph 7.F(a), above. In addition, the Court finds that (a) the persons listed on Exhibit 2 are members of the Settlement Class and Subclass One or Subclass Two, as indicated; (b) the persons listed on Exhibit 3 are members of the Settlement Class and Subclass Three; and (c) the persons listed on Exhibit 4 are members of the Settlement Class and Subclass Four. The Court finds that the persons listed on Exhibit 5 are excluded from the Settlement Class pursuant to paragraph 7.F(b), above.

Now, therefore, based on a finding of good cause, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

17. The Court hereby confirms the definition of the Settlement Class for purposes of this Final Judgment and certifies this Action, for settlement purposes only, as a Class Action.

18. The persons listed on Exhibits 1 and 5 are excluded from the Settlement Class. All Potential Class Members listed in Exhibits 2, 3, and 4, but not those listed in Exhibits 1 and 5, are adjudged to be Settlement Class Members and are bound by this Final Judgment and by the Stipulation of Settlement incorporated herein, including the releases provided for in the Stipulation and in this Final Judgment.

19. The Court overrules all objections to the Stipulation and the proposed Class Settlement and approves all provisions and terms of the Stipulation and the proposed Class Settlement in all respects. The Court specifically finds and concludes that the proposed Class Settlement is fair, adequate, and reasonable for the Settlement Class.

20. Plaintiffs, the Settling Defendants, and the Settlement Class are ordered to consummate the Class Settlement in accordance with the terms of the Stipulation and this Final Judgment.

21. In light of the covenants made in the Stipulation, including without limitation the covenants made in paragraph 22 of the Stipulation, and without limiting the injunction in paragraph 20, above, in any way, it is specifically ordered, adjudged, and decreed that:

    A. Ascentium shall pay the Subclass Four Cash Payments, described in paragraph 22.C of the Stipulation, as follows: Ascentium will pay each member of Subclass Four within 45 days after the Effective Date a cash payment (a "Subclass Four Cash Payment"). Such payment shall be equal to $\$6,500 \times (a/b) \times (1/c)$, where $a$ = the total of all payments due under the original terms of all Balboa IPAs for which such member is listed as a Guarantor (collectively, the "Member's IPAs"), $b$ = \$114,534 (the total of all monthly payments due under one Ascentium IPA covering the purchase of one MHT license in 2016), and $c$ = the total number of persons listed in Balboa's books and records as Guarantor(s) of the Member's IPAs;[1]

    B. Ascentium shall pay the additional amounts described in paragraphs 39-40 of the Stipulation, and as further described in this Court's Order dated July 5, 2018 (ECF No. 128), including (i) attorneys' fees and costs, as awarded below, and (ii) class-administration expenses payable to the Settlement Administrator; and

    C. Each of the Settling Defendants shall (i) refrain from making any negative credit report against any member of Subclass One, Subclass Two, or Subclass Three regarding conduct occurring on or before the Effective Date; (ii) retract any negative credit report previously made against any member of Subclass One, Subclass Two, or Subclass Three regarding conduct occurring on or before the Effective Date; (iii) refrain from making any efforts to collect from any member of Subclass One, Subclass Two, or Subclass Three any alleged indebtedness owed under any IPA; and (iv) dismiss with prejudice within 15 days after the Effective Date (and with each party to bear its own costs, expenses, and attorneys' fees) each and every lawsuit in which he, she, or it seeks to collect any such alleged indebtedness from any member of Subclass One, Subclass Two, or Subclass Three.

---

[1] The information necessary to calculate the Subclass Four Cash Payment due to each member of Subclass Four is included on Exhibit 4 to the Declaration of Jordan W. Leu, on file with this Court at ECF No. 96 (page 132 of 141) and Exhibit C to the Supplemental Declaration of Jordan W. Leu, on file with this Court at ECF No. 106 (page 17 of 17). The results of such calculations are shown on Exhibit 4 to this Final Judgment.

22. In light of the covenants made in the Stipulation, including without limitation the covenants made in paragraphs 23, 24, and 25 of the Stipulation, and without limiting the injunction in paragraph 20 of this Final Judgment, in any way, it is specifically ordered, adjudged, and decreed that:

   A. Each member of the MHT Program Class shall (i) dismiss with prejudice (and with all costs taxed to the party or parties incurring them) any other claims and/or lawsuits in which he, she, or it has asserted any Released Claim against any Released Person; (ii) refrain from asserting, initiating, filing, commencing, prosecuting, or maintaining in any action or proceeding of any kind, whether before any court, agency, or arbitrator, any Released Claim against any Released Person; and (iii) refrain from opposing the release and, as applicable, dismissal (with prejudice) of any and all claims that any Doctor LLC of which he, she, or it is a listed owner has or might have against any of the Released Persons (including any Unknown Claims) arising from or in any way related to the MHT Program or any IPA;

   B. Each member of Subclass One and each member of Subclass Two shall also (i) timely pay or cause to be paid to Ascentium the Cash Settlement Consideration described in paragraph 23, below, (ii) waive and forgo any and all defenses to such payment accrued on or before the Effective Date, including without limitation any defense based on the alleged invalidity, unconscionability, unenforceability, or illegality of any IPA or any guarantee of any IPA; and (iii) unless and until this Court subsequently enters a settlement bar order as described in paragraph 67.A. of the Stipulation, protect each of the Released Persons from the burden of duplicative litigation regarding the Released Claims and/or duplicative satisfaction of Released Claims by performing the duties described in paragraph 67.B. of the Stipulation;

   C. Each member of Subclass Three shall (i) timely pay or cause to be paid to Ascentium the Cash Settlement Consideration described in paragraph 24, below, (ii) waive and forgo any and all defenses to such payment accrued on or before the Effective Date, including without limitation any defense based on the alleged invalidity, unconscionability, unenforceability, or illegality of any IPA or any guarantee of any IPA; and (iii) unless and until this Court subsequently enters a settlement bar order as described in paragraph 67.A. of the Stipulation, protect each of the Released Persons from the burden of duplicative litigation regarding the Released Claims and/or duplicative satisfaction of Released Claims by performing the duties described in paragraph 67.B. of the Stipulation; and

   D. Each member of Subclass Four shall also, unless and until this Court subsequently enters a settlement bar order as described in paragraph 67.A. of the Stipulation, protect each of the Released Persons from the burden of duplicative litigation regarding the Released Claims and/or duplicative satisfaction of Released Claims by performing the duties described in paragraph 67.B. of the Stipulation.

23. The Cash Settlement Consideration due from each member of Subclass One and each member of Subclass Two, as provided in paragraph 22.B, above, shall be the lesser of (i) $85,900.50 and (ii) 80% of the total of all payments remaining due under the original terms of all Ascentium and Univest IPAs for which such subclass member is listed as a Guarantor. Such Cash Settlement Consideration shall be paid in sixty (60) monthly installments (the "Monthly Settlement Payments"), which shall be due beginning on the 30th day after the Effective Date and continuing thereafter at monthly intervals until the fifth anniversary of the Effective Date, when the final Monthly Settlement Payments shall be due. The Cash Settlement Consideration that each such member of Subclass One and Subclass Two must pay or cause to be paid, as well as the amount of each Monthly Settlement Payment that each such member must pay or cause to be paid, is listed on Exhibit 2 to this Final Judgment.

24. The Cash Settlement Consideration due from each member of Subclass Three as provided in paragraph 22.C, above, shall be the lesser of (i) $114,534.00 and (ii) 80% of the total of all payments remaining due under the original terms of all Ascentium and Univest IPAs for which such subclass member is listed as a Guarantor. Such Cash Settlement Consideration shall be paid in forty-eight (48) monthly installments (the "Monthly Settlement Payments"), which shall be due beginning on the 30th day after the Effective Date and continuing thereafter at monthly intervals until the fourth anniversary of the Effective Date, when the final Monthly Settlement Payments shall be due. The Cash Settlement Consideration that each such member of Subclass Three must pay or cause to be paid, as well as the amount of each Monthly Settlement Payment that each such member must pay or cause to be paid, is listed on Exhibit 3 to this Final Judgment.

25. Notwithstanding the payment schedules described in paragraphs 23 and 24, above, each member of Subclass One, each member of Subclass Two, and each member of Subclass Three

shall have the option to make or cause to be made a single, lump-sum payment on or before the 30th day after the Effective Date, equal to 80% of the total Cash Settlement Consideration that such class member otherwise would be obligated to pay or cause to be paid under paragraphs 22–24, above, which lump-sum payment will fully satisfy such member's obligation for the payment of Cash Settlement Consideration and Monthly Settlement Payments under the Stipulation and this Final Judgment.

26. All claims that have been or could have been asserted by Plaintiffs and/or any Class Member against any of the Settling Defendants in the Action are hereby dismissed, on the merits, with prejudice and without leave to amend. Each of the Plaintiffs and each Class Member is forever barred and permanently enjoined from starting, continuing, litigating, participating in, or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding asserting any Released Claim[2] against any Released Person. There being no just cause for delay in finally resolving such claims, the Court certifies this order and judgment under Federal Rule of Civil Procedure 54(b) as a final judgment fully resolving them.

27. Upon the entry of this Rule 54(b) Final Judgment,

---

[2] For reference, paragraph 15 of the Stipulation defines "Released Claims" as "any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses or losses arising from or in any way related to any acts or omissions which have been alleged or which could have been alleged in the Action by any of the Plaintiffs, the Settlement Class, and/or any Class Member, whether at law, in equity, or under any statute or regulation, including without limitation: A. any and all direct or derivative claims, demands, actions, causes of action, and/or suits arising from or in any way relating to the MHT Program, regardless of the doctrine(s), statute(s), or regulation(s) under which they might arise and regardless of the nature or scope of the relief that might be requested; and B. any and all Unknown Claims arising from or in any way relating to the MHT Program; C. provided, however, that the Released Claims do not include any "Reserved Claim" defined [in ¶ 17 of the Stipulation] or any claim for enforcement of [the] Stipulation and/or the Final Judgment; and D. notwithstanding anything to the contrary in [the] Stipulation, the Released Claims include all of the individual claims alleged against the Settling Defendants by the Plaintiffs in the Action."

A. Each Class Member shall be conclusively deemed and adjudged to have fully released and discharged, to the fullest extent permitted by law, all of the Released Persons from all of the Released Claims; however, each Class Member shall be conclusively deemed and adjudged to have reserved all Reserved Claims;[3]

B. Each Class Member shall be conclusively deemed and adjudged to have consented to the release and, as applicable, dismissal (with prejudice) of any and all claims that any Doctor LLC of which he, she, or it is a listed owner has or might have against any of the Released Persons (including any Unknown Claims) arising from or in any way related to the MHT Program or any IPA;

C. Each Settling Defendant shall be conclusively deemed and adjudged to have released each member of Subclass One, Subclass Two, and Subclass Three from his, her, or its obligation, if any, to guarantee any unsatisfied obligations of any Doctor LLC under any Ascentium IPA(s) and/or Univest IPA(s), including any obligation to make any unpaid monthly payments under any such IPA(s) and any obligation to pay any unpaid late charges, collection costs, and/or any other amounts under any such IPA(s); such Ascentium and Univest IPAs are hereby reformed to eliminate any such obligation on the part of any member of Subclass One and/or any member of Subclass Two and/or any member of Subclass Three; and

D. All defenses arising before the Effective Date to the obligation of any member of Subclass One, Subclass Two, or Subclass Three to pay or cause to be paid the Cash Settlement Consideration described in paragraphs 22-24, above, shall be conclusively deemed and adjudged to be discharged.

28. Class Counsel have stipulated, and the Court agrees, that any representation, encouragement, or solicitation of any person seeking exclusion from the Settlement Class or any person seeking to litigate any Released Claim with any released Person might place Class Counsel in an untenable conflict of interest with the class. Accordingly, Class Counsel shall not engage in any such representation, encouragement, or solicitation. This paragraph, however, shall not affect Class Counsel's ability to respond to inquiries from members of the Settlement Class about the Settlement; nor shall it affect Class Counsel's ability to represent any person should the Settlement

---

[3] For reference, paragraph 17 of the Stipulation defines "Reserved Claim" as "any claim that has been or could be asserted against any person or entity that is not a Released Person (including defendant(s) MHT, Balboa, and/or Scott Postle) that arises from or relates in any way to the MHT Program, regardless of the doctrine(s), statute(s), or regulation(s) under which such claim might arise and regardless of the nature or scope of the relief that might be requested, including any such claim asserted offensively or defensively against MHT, Balboa, and/or Postle."

contemplated by this Stipulation be disapproved on appeal or terminated in accordance with Article XII of the Stipulation.

29. In discovery in this and other matters and in negotiation and review of the Stipulation, Class Counsel have received confidential information regarding the Settling Defendants' internal practices and procedures and the Settling Defendants' confidential financial information, including financial information compiled solely for purposes of negotiating and implementing the Stipulation and the Settlement. Class Counsel shall keep such information confidential and shall not use it or, unless ordered by a court after notice to the Settling Defendants, allow it to be used in any other litigation.

30. The Stipulation, the Settlement, and this Final Judgment are not to be deemed admissions of liability or fault by any Settling Party or any Settlement Class Member or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by any Settling Party or any Settlement Class Member. The Stipulation and Settlement are not a concession by the parties and, to the extent permitted by law, neither this Final Judgment nor the Stipulation of Settlement or any other documents, exhibits or materials submitted in furtherance of the settlement, shall be offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of any Settling Party, any Settlement Class Member, or any other person.

31. Class Counsel are hereby awarded—and shall receive from Ascentium pursuant to the Stipulation—$2,101,330.43 in attorney's fees and $29,341.11 representing reimbursements for expenses. Kirk Morgan is hereby awarded, and shall receive from Ascentium, $119,269.50 in attorney's fees and $5,075.38 representing reimbursements for expenses. Isaac Tawil is hereby awarded, and shall receive from Ascentium, $25,608.33 in attorney's fees and $11,375.25

representing reimbursements for expenses. Dr. Derek Melby, Dr. Danilo Policarpio, Dr. David Guillot, and Dr. Jaideep Patel are hereby awarded, and Ascentium shall pay, $2,000 each in incentive payments. Ascentium shall pay these amounts to Class Counsel, Representative Plaintiffs, Kirk Morgan, and Isaac Tawil within 35 days after the Effective Date defined in paragraph 6 of the Stipulation.

32.     To the extent not prohibited by the U.S. Bankruptcy Court for the Eastern District of Texas in Case No. 17-41047 (In re America's MHT, Inc.), the Court ORDERS as follows:

    A.     Non-Settling Defendants Scott Postle, Balboa Capital Corporation, and America's MHT, Inc., and each of their respective agents, affiliates, successors, and assigns (including, in the case of America's MHT, Inc., Michelle H. Chow, chapter 7 trustee of America's MHT, Inc. (the "MHT Trustee")) are barred, enjoined, and restrained from bringing any contribution or indemnification claim against any of the Settling Defendants or any of their insurers, officers, directors, agents, attorneys, employees, owners, stockholders, divisions, subsidiaries, affiliates, and parent companies, to the extent such claim seeks to recover, in whole or in part, for any judgment obtained by a Settlement Class Member against a Non-Settling Defendant for conduct arising from or related to the MHT Program; provided, however, that (i) any claims that the MHT Trustee may assert against Univest Capital, Inc. shall not be affected by this subparagraph A, and (ii) nothing in this subparagraph A shall broaden the release granted by the MHT Trustee in the *Order Granting the MHT Trustee's Motion to Approve Compromise and Settlement with Ascentium Capital LLC and Related Parties Under Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(a)* (Bankr. E.D. Tex. No. 17-41047, ECF No. 195).

    B.     If a Settlement Class Member obtains a judgment against a Non-Settling Defendant based on a claim arising from or related to the MHT Program, the Non-Settling Defendant will not be required to pay more than the percentage of the judgment attributable to that Non-Settling Defendant's proportionate fault.

    C.     This Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance, validity, interpretation, administration, or enforceability of this provision.

33.     As stated above, this Rule 54(b) Final Judgment finally adjudicates and dismisses with prejudice all individual and class claims that Plaintiffs have asserted against the Settling Defendants in the Action. Nevertheless, and without in any way affecting the finality of this

-15-

Rule 54(b) Final Judgment, the Court shall retain continuing jurisdiction over the dismissed claims for purposes of:

      A.    Enforcing the Stipulation, the Class Settlement, and this Final Judgment; and

      B.    Any other matters related or ancillary to any of the foregoing, including (without limitation) any dispute concerning the meaning or enforcement of any provision of this Final Judgment.

**SO ORDERED**.

September 14, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE